**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 29, 2017

LETTER TO COUNSEL

    RE:   *Rosita Thomas v. Commissioner, Social Security Administration*;
             Civil No. SAG-16-1229

Dear Counsel:

    On April 26, 2016, Plaintiff Rosita Thomas petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

    Ms. Thomas filed her claims for benefits in December, 2009, alleging a disability onset date of April 11, 2003. (Tr. 300-05). Her claims were denied initially and on reconsideration. (Tr. 172-79, 186-89). A hearing was held on Novmeber 22, 2011, before an Administrative Law Judge ("ALJ"). (Tr. 56-92). Following the hearing, the ALJ determined that Ms. Thomas was not disabled within the meaning of the Social Security Act. (Tr. 149-64). On April 16, 2013, the Appeals Council ("AC") issued a decision remanding the case for further consideration. (Tr. 165-69). A second hearing was held on April 1, 2014. (Tr. 93-144). Following that hearing, the ALJ again determined that Ms. Thomas was not disabled. (Tr. 37-55). This time, the AC denied Ms. Thomas's request for review, (Tr. 7-12), so the ALJ's 2014 decision constitutes the final, reviewable decision of the Agency.

    In that decision, the ALJ found that Ms. Thomas suffered from the severe impairments of "seizure disorder, major depressive disorder, diabetes, obesity, degenerative disc disease, and hypertension." (Tr. 43). Despite these impairments, the ALJ determined that Ms. Thomas retained the residual functional capacity ("RFC") to:

> perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), including the ability to occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for a total of six hours in an eight-hour workday; sit for a total of six hours in an eight-hour workday; push and/or pull, including the

>   operation of hand and/or foot controls, as much as they can lift and/or carry; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, and crouch; never crawl; no exposure to hazards such as unprotected heights or moving mechanical parts; retains the ability to understand, remember and carry out instructions concerning simple tasks; occasional interaction with coworkers; no interaction with the general public; can make simple decisions constantly and complex decisions occasionally.

(Tr. 44-45). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Thomas could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 49-50).

Ms. Thomas raises several arguments on appeal: (1) that the ALJ committed error under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); and (2) that the ALJ did not adequately explain his assignments of weight to various medical sources. I concur that the ALJ committed an error under *Mascio*, and remand is therefore appropriate. In so holding, I express no opinion regarding whether the ALJ's ultimate conclusion that Ms. Thomas is not disabled is correct or incorrect.

In *Mascio,* the Fourth Circuit held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (internal quotation marks and citations omitted) (joining the Third, Seventh, Eighth, and Eleventh Circuits). The Fourth Circuit indicated that an ALJ might cure his error by explaining why a step three finding of a moderate difficulty in concentration, persistence, or pace does not translate into a limitation in a claimant's RFC. *Id.* Like in *Mascio*, the ALJ in this case determined at step three that Ms. Thomas suffered from moderate difficulties in concentration, persistence, or pace, but in assessing Ms. Thomas's RFC, the ALJ stated that she "retains the ability to understand, remember and carry out instructions concerning simple tasks[,]…can make simple decisions constantly and complex decisions occasionally." (Tr. 44, 45).

As in other cases confronted by this Court in the wake of *Mascio*, it seems entirely possible that the ALJ may have erred by finding moderate, rather than mild or no, difficulties at step three. *See, e.g.*, *Powell v. Colvin*, Civil No. SAG-14-3233 (D. Md. Jun. 12, 2015). The ALJ's sole proffered reason for finding moderate difficulties (specifically "intermittent reports of medication side effects such as tiredness") seems to support the notion that Ms. Thomas has only mild problems sustaining concentration. (Tr. 44). However, the ALJ's RFC analysis did not specifically address his evaluation of Ms. Thomas's ability to sustain concentration, despite noting that two State agency psychological consultants found "moderate limitations in sustained concentration and persistence." (Tr. 48). While the Commissioner suggests that any *Mascio* error would be harmless, the discussion is simply insufficient to allow me to assess how the ALJ reconciled the apparently contradictory evidence regarding Ms. Thomas's ability to work consistently over an eight-hour workday. *See Mascio*, 780 F.3d at 637 (declining to hold that the ALJ's lack of reasoning constituted harmless error "[b]ecause we are left to guess about how the

ALJ arrived at his conclusions"). I must therefore remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

With respect to the assignments of weight to the medical sources, while they would not likely have justified remand standing alone, I note that the ALJ's analysis is not extensive. For example, as to the State agency consultants, the ALJ assigned them "limited weight" because "they did not have the benefit of viewing the complete record or interviewing the claimant" without explaining how those steps might have altered their conclusions. (Tr. 48). On remand, then, the ALJ should review the assignment of weight to each medical source and determine whether further explanation is warranted.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge